UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEON K. MITCHELL, JR.,

                    Plaintiff,

        -vs-                            **No. 1:14-CV-00011 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

_____

## I.    Introduction

Represented by counsel, Leon K. Mitchell, Jr. ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for judgment on the pleadings.[1] The parties' motions were referred to Magistrate Judge Leslie G. Foschio for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

By R&R dated August 8, 2016, Magistrate Judge Foschio recommended that the Commissioner's motion be granted. Doc. 17. Plaintiff filed objections on August 22, 2016. Doc. 18. The Court

_____

[1] This case was originally assigned to Judge Lawrence Vilardo, who referred it to Magistrate Judge Foschio for a Report and Recommendation, which was completed and filed on August 8, 2016. The case was referred to this Court by order dated April 27, 2017.

(Vilardo, J.) held oral argument on the objections January 5, 2017. For the reasons set forth below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

## II. Procedural History

The record reveals that in June 2009, plaintiff (d/o/b December 8, 1975) applied for SSI, alleging disability as of February 2006.[2] After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Marilyn Zahm ("the ALJ") on April 11, 2011. The ALJ issued an unfavorable decision on June 1, 2012. The Appeals Council granted review of that decision and this timely action followed. The Court incorporates by reference the R&R's thorough summary of the administrative record. See doc. 17 at 2-10.

## III. Report and Recommendation

Plaintiff's motion for judgment on the pleadings argues that (1) the ALJ failed to properly weigh the medical opinions; (2) the ALJ improperly substituted her own judgment for medical opinion; (3) the ALJ did not properly consider obesity; (4) the ALJ failed to fully develop the record; and (5) the ALJ did not consider all of plaintiff's severe impairments. The R&R rejected these arguments and found that the ALJ's decision was supported by substantial

---

[2] A prior unfavorable disability determination found that plaintiff was not disabled through February 5, 2009. The relevant time period for purposes of this claim begins on the application date, June 17, 2009. See Frye ex rel. A.O. v. Astrue, 485 F. App'x 484, 488 n.2 (2d Cir. 2012) (noting that the relevant time period for an SSI benefits application is "the date the SSI application was filed, to . . . the date of the ALJ's decision").

evidence. Accordingly, the R&R recommended that the Commissioner's motion be granted.

**IV. Discussion**

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[.]" Id. Plaintiff specifically objects to each of Judge Foschio's conclusions, although the objections essentially reiterate his arguments on the original motion. The Court has reviewed the administrative record and finds that Judge Foschio's recommendations are fully supported by the record.

**A.    Failure to Properly Weigh Medical Opinions and Failure to Clarify Opinions of the Treating Physician**

Plaintiff's primary argument is that the ALJ failed to properly weigh the medical opinions of record and failed to clarify the opinion of plaintiff's treating physician, Dr. Siaw. Plaintiff argues that Judge Foschio erred in failing to consider that consulting reviewing physician Dr. Dale specialized in rheumatology, whereas consulting reviewing physician Dr. Trimble was an internist. Plaintiff contends that the ALJ erred in giving greater weight to Dr. Trimble's opinion over Dr. Dale's. However, upon a review of the record, the Court concludes that the ALJ gave

good reasons for rejecting Dr. Dale's opinion in favor of Dr. Dave's. As the ALJ pointed out, evidence in the record, including EMG study indicating "no electrodiagnostic evidence of severe painful neuropathy" as well as subsequent treatment notes and medical testimony at the hearing indicating no evidence of deep vein thrombosis ("DVT"), undermined the conclusions of Dr. Dale's reviewing opinion. The ALJ was entitled to give more weight to Dr. Trimble's opinion based on its overall consistency with the medical record. See, e.g., Beasock v. Colvin, 2014 WL 421324,*9 (N.D.N.Y. Feb. 4, 2014) (finding that ALJ "did not exceed the bounds of his discretion when electing to give great weight to opinions of [a] reviewing physician" where those opinions were "consistent with the record as a whole").

Plaintiff further argues that the R&R erred in concluding that the ALJ properly gave little weight to several opinions of plaintiff's treating physician, Dr. Siaw. As a corollary argument, plaintiff contends that the ALJ should have further clarified Dr. Siaw's opinions by subpoenaing him to testify. However, the ALJ did clarify certain aspects of Dr. Siaw's opinions with two sets of interrogatories. See T. 1497-1500 (responses dated July 19, 2011), 1507-12 (responses dated October 25, 2011). Dr. Siaw's responses indicate, as the R&R found, that he based his conclusions largely on plaintiff's own reports rather than objective medical testing. Dr. Siaw stated that objective medical evidence supporting his

opinion included a "failed" 2006 back surgery[3] and "old MRI records" showing evidence of lumbar radiculopathy. The Court finds that the ALJ did not fail to develop the record by clarifying Dr. Siaw's opinions, given the two sets of interrogatories sent to, and answered by, Dr. Siaw. If plaintiff wished to submit more specific commentary from Dr. Siaw, he could have done so through additional documentary evidence; however, on this record Dr. Siaw's opinions required no further clarification.

After reviewing the record and the ALJ's decision, the Court concludes that the ALJ gave good reasons for rejecting Dr. Siaw's treating opinions, which reasons were grounded in the factors set forth in the regulations governing the evaluation of opinion evidence. See 20 C.F.R. § 404.1527. The ALJ reasonably considered that Dr. Siaw's record of treatment with plaintiff included a gap of approximately 18 months in the relevant time period. See id. § 404.1527(c)(2)(i), (ii). Moreover, the ALJ properly considered the extent to which medical signs and laboratory findings supported Dr. Siaw's opinions. See id. § 404.1527(c)(3). Finally, the ALJ properly considered the extent to which Dr. Siaw's opinions were consistent with the entire medical record, including the findings of consulting examining physician Dr. Dave and reviewing physician Dr. Trimble. See id. § 404.1527(c)(4). The reasons given by the ALJ for rejecting Dr. Siaw's opinions were supported by substantial

_____

[3] The Court notes that this surgery took place prior to the adjudication of plaintiff's previous disability application, which was resolved unfavorably on February 5, 2009.

evidence in the record, and the Court will not reweigh the evidence. See Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002) (noting that where a decision "rests on adequate findings supported by evidence having rational probative force," a court may "not substitute [its] judgment for that of the Commissioner.").

**B.    Substitution of ALJ's Lay Judgment for Medical Opinion**

Plaintiff contends that the ALJ improperly substituted her own judgment for medical opinion, and argues that the R&R erred in concluding otherwise. However, as the R&R points out, the ALJ properly considered EMG testing, which was interpreted by Dr. Gary Wang as indicating "no electrodiagnostic evidence of severe painful neuropathy" and "[n]o electrodiagnostic evidence of acute lumbosacral radiculopathy." T. 596. Moreover, as the R&R noted, Dr. Siaw's responses to interrogatories indicated that he based his assessment of plaintiff's limitations on plaintiff's subjective complaints. See T. 1498-1500. As the R&R found, the ALJ did not err in "differentiat[ing] between portions of Dr. Siaw's reports based on medical tests and those supported only by [p]laintiff's subjective reports." Doc. 17 at 23 (citing Ford v. Astrue, 2010 WL 3825618, *9 (N.D.N.Y. Sept. 24, 2010) ("[I]t was entirely appropriate for the ALJ to differentiate between those portions of [the treating physician's] report based on objective tests and those supported only by [p]laintiff's subjective report.")).

## C. Consideration of Obesity

Plaintiff contends that the R&R erred in concluding that the ALJ properly considered plaintiff's obesity. Upon a review of the record and the ALJ's decision, the Court concludes that the ALJ properly considered the effects of plaintiff's obesity in accordance with the SSR 02-1p. That ruling provides that obesity is to be considered throughout the sequential evaluation process. Id.; see also Sotack v. Astrue, 2009 WL 3734869, *4 (W.D.N.Y. Nov. 4, 2009). Here, the ALJ's decision makes clear that she considered obesity in the overall disability determination, as the R&R found. See T. 49, 53, 55, 58, 60.

## D. Step Two Determination

Plaintiff objects to the R&R's conclusion that the ALJ properly found plaintiff's conditions of antiphospholipid syndrome and history of thoracic spine disc bulge to be non-severe impairments at step two of the sequential analysis. The Court, however, agrees with the R&R that the record supported the ALJ's conclusion that these impairments did not significantly limit plaintiff's ability to perform work activities. As the R&R noted, evidence in the record indicated that during the relevant time period, neither plaintiff's antiphospholipid syndrome nor thoracic spine disc bulge resulted in work-related limitations. Moreover, the ALJ's decision thoroughly reviewed the evidence and considered the totality of plaintiff's impairments such that any error at step two was harmless. See Diakogiannis v. Astrue, 975 F. Supp. 2d 299,

311-12 (W.D.N.Y. 2013) ("[A]n error in an ALJ's severity assessment with regard to a given impairment is harmless . . . when it is clear that the ALJ considered the  claimant's [impairments] and their effect on his or her ability to work during the balance of the sequential evaluation process.") (internal quotation marks and citations omitted).

**V.    Conclusion**

The Court hereby adopts the R&R (doc. 17) in its entirety. For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 12) is granted and plaintiff's motion (Doc. 8) is denied. Plaintiff's objections (doc. 18) are overruled. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:      May 12, 2017
              Rochester, New York.